■ MARCUS BORG ROSENBERG & DIAMOND, Plaintiff, v GIL-BERT, SEGALL & YOUNG, L. L. P., Defendant and Third-Party Plaintiff-Respondent. OMABUILD CORPORATION, Third-Party Defendant-Appellant. GILBERT, SEGALL & YOUNG, L. L. P., Fourth-Party Plaintiff-Respondent, v LINDENBAUM & YOUNG, Fourth-Party Defendant, and DAVID M. RICHMAN, Fourth-Party Defendant-Appellant. [719 NYS2d 855] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 19, 2000, which granted the motion by defendant and third- and fourth-party plaintiff Gilbert, Segall & Young, L. L. P. to disqualify fourth-party defendant David M. Richman as counsel to third-party defendant and legal malpractice counterclaimant Oma-build Corporation in this action, unanimously reversed, on the law, without costs, the order vacated and the matter remanded for an evidentiary hearing to determine (1) whether Richman was involved in the making of Omabuild's determination not to make post-judgment efforts to collect damages or attorney's fees to which it had been found to be entitled in a summary holdover proceeding in the Civil Court, New York County, entitled *Omabuild Corp. v Copacabana Nightclub* (Index No. L&T 85053/92), and (2) if Richman was involved in the making of that determination, whether Omabuild has validly consented to Richman's representation of it in this action; and, upon the court's determination of said issues, for disposition of the motion to disqualify in accordance therewith. The stay of proceedings in Supreme Court granted by a prior order of this Court, dated September 21, 2000, is continued pending final disposition of the disqualification motion pursuant to this order.

The present record is not sufficiently developed to permit determination of whether Richman has a genuine conflict-of-interest in representing Omabuild herein by reason of the fourth-party action against him, seeking contribution in the event Omabuild prevails on its legal malpractice counterclaim, and, if so, whether Omabuild has validly consented to be represented by Richman nonetheless (*see*, Code of Professional Responsibility DR 5-101 [22 NYCRR 1200.20]). We therefore remand for further proceedings as indicated. Concur—Rosenberger, J. P., Nardelli, Ellerin, Wallach and Rubin, JJ.